IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY WAYNE HUTCHERSON, TDCJ #393745, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-2331 |
| ANDRE WATSON, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

The plaintiff, Billy Wayne Hutcherson (TDCJ #393745, former TDCJ #368452), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Hutcherson has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights, and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.    BACKGROUND

Hutcherson is currently incarcerated at the Wynne Unit in Huntsville, Texas, as the result of a 1985 conviction for burglary of a habitation in Dallas County cause number F85-95871-LV. Hutcherson received a sixty-year prison sentence in that case. He does not challenge his underlying conviction here. Instead, he sues several prison employees under 42 U.S.C. § 1983, alleging that his civil rights were violated in connection with his transfer from one prison facility to another.

According to the complaint and the attached exhibits, Hutcherson was assigned to the Clements Unit until March of 2009. At that time, Hutcherson was transferred to the Wynne Unit. Hutcherson reports that he received a bag of personal property, which had been shipped separately, on April 14, 2009. He complains that the contents of the property bag did not belong to him, however, but belonged instead to another offender. Hutcherson contends that the "inventory papers" and the items of property had been "switched" by prison employees. Hutcherson claims that he is missing the following items: an electric shaver, a radio with headphones, a "hot pot with insert," a seven-plug outlet, a mirror, and a "dipple antenna."

Alleging that his property was lost or wrongfully taken, Hutcherson sues the following officers and officials employed by TDCJ at the Wynne Unit: Saturnia Abner, Vernon Pittman, Tony O'Hare, Andre Watson, Joseph Blanton, Gregory Vaughn, Phillips Tyra, and A. Rosser. Hutcherson seeks relief in the form of the "exact same property" that he lost during the transfer. Alternatively, Hutcherson requests compensatory damages to replace his lost property. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole

or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan*

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    DISCUSSION

Hutcherson complains that the defendants lost or took certain items of his personal property when he was transferred from the Clements Unit to the Wynne Unit in March of 2009.  Hutcherson does not complain that he was deprived of his property pursuant to a prison policy or that the taking of his personal items was somehow authorized but done without due process.  Rather, he alleges that his personal property was lost or stolen in an unauthorized manner.

The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides

4

an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *see also Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1981); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). It is well established that Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008.

Hutcherson, who complains that his property was lost or wrongfully taken in an unauthorized fashion, fails to demonstrate a valid claim under federal law because Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Therefore, the complaint is legally frivolous for purposes of 42 U.S.C. § 1983 and this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous").

## IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Billy Wayne Hutcherson (TDCJ #393745) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on July 27th, 2009.

_____
Nancy F. Atlas
United States District Judge